UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE TRADING L.L.C.,

       Plaintiff,

                                           Case No. 11-cv-15168
                                           Honorable Gershwin A. Drain

v.


GLOBAL FAMILY RECYCLING, *et al.*,

       Defendants.

_____/


ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION TO
COMPEL [#72] AND SETTING HEARING

       Presently before the Court is Defendant/Third-Party Plaintiff, Liberty Title Agency,

Inc.'s ("Liberty Title"), Motion to Compel Plaintiff/Third-Party Defendant, Choice Trading,

LLC's ("Choice Trading") Answers to Liberty's Request for Production of Documents and

Interrogatories, filed on November 26, 2012.  Liberty served Choice Trading with a Request

for Production of Documents and Interrogatories on May 3, 2012.  Pursuant to Federal

Rules of Civil Procedure 33 and 34, Choice Trading's Answers were due on or before June

4, 2012.

       However, on April 20, 2012, prior to the Request for Production, Choice Trading's

attorney filed a motion to withdraw in front of Judge Lawrence Zatkoff.  Judge Zatkoff

granted the motion to withdraw and allowed an extension of 45 days – from the date on

which substitute counsel filed an appearance – for Choice Trading to respond to

outstanding discovery requests.  *See* Dkt. No. 47.  On June 22, 2012, Choice Trading's

substitute counsel made an appearance, therefore, making Choice Trading's discovery responses due on or before August 7, 2012[1].  Choice Trading has failed to file a response to Liberty Title's Motion to Compel and the time for filing a response has expired. Accordingly, the Court GRANTS Liberty Title's Motion to Compel and ORDERS Choice Trading to submit its Answers to Liberty Title's discovery requests no later than February 15, 2013.

Federal Rule of Civil Procedure 37(a)(5)(A) states:

**(5) Payment of Expenses; Protective Orders.**

(A) *If the Motion Is Granted (or Disclosure or Discovery is Provided After Filing).*  If the motion is granted– or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Accordingly, the Court will hold oral argument on Liberty Title's request for reasonable attorney fees incurred as a result of having to bring the present motion.

IT IS ORDERED that Liberty Title's Motion to Compel Choice Trading's Answers to Liberty Title's Request for Interrogatories and Production of Documents   [#72]   is GRANTED.

---

[1] Liberty Title in its Motion erroneously puts August 6, 2012, as the date Choice Trading's discovery responses were due.

IT IS FURTHER ORDERED that Choice Trading serve Answers to Liberty Title's Request for Production of Documents and Interrogatories <u>no later than February 18, 2013</u>.

IT IS FURTHER ORDERED that the parties shall appear for oral argument on March 1, 2013, at 3:00 p.m., regarding  whether Liberty Title is entitled to its reasonable attorney fees for having to file the present motion.  The parties shall submit briefs and documentary support for their respective positions <u>no later than February 20, 2013</u>.

IT IS FURTHER ORDERED that Liberty Title shall support its request for reasonable attorney fees by providing the Court with an affidavit of counsel setting out in detail the number of hours spent on the motion, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award.

Choice Trading is hereby advised that failure to abide by this Order, or any portion thereof, shall result in sanctions, against the disobedient parties, up to and including dismissal of the action or proceeding in whole or in part under Federal Rule of Civil Procedure 37(b)(2)(A)(v).

SO ORDERED.

Dated: February 12, 2013                              /s/Gershwin A Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge