UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE TRADING LLC,

    Plaintiff,

                                                         Case No. 11-cv-15168
                                                         Honorable Gershwin A. Drain

v.

GLOBAL FAMILY RECYCLING, *et al.*,

    Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JOE SKORUPSKI AND GLOBAL FAMILY RECYCLING, LLC [#95]

**I.**    **INTRODUCTION**

    Before the Court is Plaintiff's motion for entry of default judgment, filed on April 3, 2013. Defendants have failed to file an answer or otherwise defend in this matter. On May 8, 2013, a hearing was held and Defendants failed to appear. For the reasons stated below and on the record, Plaintiff's motion for entry of default judgment is **GRANTED**.

**II.**    **FACTUAL BACKGROUND**

    On or about May 5, 2010, Choice Trading entered into a Scrap Metal Contract ("Contract") with Global Family Recycling, LLC ("Global"). *See* Exhibit D. Global

agreed to sell Plaintiff all of the steel and metal salvaged by Global from the demolition of a building located at 21601 Hoover Road, Warren, Michigan ("Salvage Site"). Global guaranteed to Plaintiff that the amount of salvage would equal or exceed 2,000 metric tons of weight ("MT") for a total contract price of $400,000.00.

The Salvage Site did not yield the promised 2,000 MT of scrap metal promised to Plaintiff. Plaintiff alleged that Defendants were aware that the Salvage Site would not yield the contracted amount and used the contract-purchase money for their direct benefit and personal use.

As a result, Plaintiff has incurred damages in the amount of $240,000.00. Plaintiff filed the instant action on November 22, 2011.  Defendants, Joe Skorupski ("Skorupski") and Global Family Recycling ("Global"), were served via personal service at 21601 Hoover, Warren, MI 48081. *See* Dkt. Nos. 15,16. Skorupski and Global have both failed to answer or otherwise defend within the time frame set forth in Rule 12(a) of the Federal Rules of Civil Procedure.

On November 12, 2012, Plaintiff filed a motion requesting clerk's entry of default judgment against Skorupski and Global. On November 14, 2012, the clerk entered defaults against Skorupski and Global. *See* Dkt. Nos. 70, 71.

Plaintiff now moves for entry of default judgment, claiming that Skorupski and Global are jointly and severally liable in the amount of $240,000.000 for breach of the Contract, plus continued statutory interest. Initially, Plaintiff also argued that it is entitled to reasonable attorney fees and costs in the amount of $19,196.56.  However, in its Supplemental Brief, filed on May 2, 2013, Plaintiff now maintains that it omitted to add reasonable attorney fees and costs payable to Legalquest Network, P.C. in the amount

of $20,000.00, plus costs of $260.37.  *See* Mot. Dkt. No. 95, pg. 3; *see also* Supplemental Brief, Dkt. No. 109, pg. 2.  Specifically, the breakdown is:

|   |   |   |
|---|---|---:|
| a. | Damages | $240,000.00 |
| b. | Interest | $212.38 |
| c. | Subtotal | $240,212.38 |
| d. | Legal Fees | $39,196.56 |
| e. | Costs | $260.37 |
| f. | **Total Judgment** | **$279,669.31** |

## III.   LAW AND ANALYSIS

Entry of judgment by default is governed by Rule 55 of the Federal Rules of Civil Procedure.  Rule 55 states:

> **(a) Entering a Default**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk**.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person .
>
> **(2) By the Court**.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may

>conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
>
>(A) conduct an accounting;
>(B) determine the amount of damages;
>(C) establish the truth of any allegation by evidence; or
>(D) investigate any other matter.

Fed. R. Civ. P. 55.

With the evidence that Plaintiff has presented, a summary sheet of weight tickets indicating the steel removed from the Salvage Site, supported by the actual weigh receipts, in addition to the itemized summary of reasonable attorney fees, Plaintiff has provided the requisite proof of damages to establish entry of default judgment in this amount. *See* Dkt. No. 95-5, pgs. 2-19. Additionally, Plaintiff has filed proper service upon Joe Skorupski and Global, who have both failed to appear or otherwise defend.

## IV.   CONCLUSION

Accordingly,

Plaintiff's motion for entry of judgment pursuant to clerk's entry of default **[#95]** is **GRANTED**.

The Clerk shall enter a judgment in the amount of **$279,669.31.**

SO ORDERED.

Dated: May 29, 2013

                                                s/Gershwin A. Drain
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 29, 2013, by electronic and/or ordinary mail.

s/Tanya Bankston
Deputy Clerk